IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RIMROCK CONSTRUCTION, LLC**, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**ARTISAN PROPERTY SERVICES, LTD.**, a Colorado corporation; and **BRENT MALOCSAY**, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:21-cv-00192-JCB<br><br><br>Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Defendants Artisan Property Services, Ltd. ("Artisan") and Brent Malocsay's ("Mr. Malocsay") (collectively, "Defendants") motion to dismiss or, in the alternative, to stay.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. Based upon the analysis set forth below, the court denies Defendants' motion.

---

[1] ECF No. 26.

[2] ECF No. 22.

## BACKGROUND

Plaintiff Rimrock Construction, LLC ("Rimrock") and Artisan entered into an agreement in which Rimrock subcontracted to Artisan certain work on a construction project in Denver, Colorado ("Project").[3] The terms of the parties' agreements are set forth in: (1) a Master Subcontract Agreement ("Master Agreement");[4] (2) a Guaranty Agreement attached to the Master Agreement in which Mr. Malocsay personally guaranteed Artisan's performance of the Master Agreement ("Guaranty Agreement);[5] and (3) a Work Order issued pursuant to the Master Agreement.[6] The Master Agreement contains a forum selection provision which provides, in relevant part, that "[a]ll disputes . . . shall be resolved in litigation in a state or federal court of competent jurisdiction situated in Salt Lake County, State of Utah" and that "[Artisan] hereby consents to exclusive jurisdiction and venue for such disputes in Salt Lake County, State of Utah."[7]

Rimrock filed the instant action against Defendants on March 29, 2021,[8] and subsequently filed an amended complaint with leave of court on July 28, 2021.[9] The amended

---

[3] ECF No. 11 at 3 of 43, ¶ 7.

[4] *Id*. at 12-31 of 43.

[5] *Id*. at 32 of 43.

[6] *Id*. at 33-38 of 43.

[7] *Id*. at 30 of 43, § 15.4.

[8] ECF No. 2.

[9] ECF No. 11.

alleges that Artisan breached the Master Agreement and that Mr. Malocsay breached the Guaranty Agreement.[10]

In October 2020, a lawsuit concerning the Project was initiated in state court in Colorado ("Colorado Action"). The parties agree that Rimrock and Artisan are parties to the Colorado Action and that Mr. Malocsay is not. The parties also agree that the Colorado Action involves disputes among various parties related to the Project, including a dispute between Rimrock and Artisan involving the Master Agreement.

In response to Rimrock's amended complaint, Defendants filed the motion before the court in which they move to dismiss this action for improper venue.[11] Alternatively, Defendants move to dismiss or stay this action under the *Colorado River* doctrine.[12] Rimrock opposes Defendants' motion.[13]

## **ANALYSIS**

In resolving Defendants' motion below, the court first considers whether it has subject matter jurisdiction over this action. After concluding that subject matter jurisdiction exists, the court concludes that this court is the proper forum for this action under the enforceable, mandatory forum selection provision contained in the Master Agreement. Finally, the court concludes that this action and the Colorado Action are not parallel and that, even if they were,

---

[10] *See generally id*.

[11] ECF No. 22.

[12] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

[13] ECF No. 27.

abstention would not be warranted under the *Colorado River* doctrine. Therefore, the court denies Defendants' motion to dismiss or, in the alternative, to stay.

I.  **The Court Has Subject Matter Jurisdiction Over This Action.**

"To establish subject matter jurisdiction under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000."[14] Here, Rimrock alleges in its amended complaint that it is a Utah limited liability company and that none of its members is a citizen of Colorado.[15] Rimrock also alleges that Artisan is a Colorado corporation with its principal place of business in Colorado and that Mr. Malocsay is a citizen of Colorado.[16] Finally, Rimrock's prayer for relief in its amended complaint seeks a judgment against Defendants in an amount not less than $602,194.53.[17] Thus, Rimrock's amended complaint establishes complete diversity of citizenship and the minimum required amount in controversy. Therefore, the court has subject matter jurisdiction over this action. The court turns next to whether this court is the proper forum for this action.

II. **This Court Is the Proper Forum for This Action Under the Enforceable, Mandatory Forum Selection Provision in the Master Agreement.**

As indicated above the Master Agreement contains a forum selection provision, which provides that "[a]ll disputes . . . shall be resolved in litigation in a state or federal court of competent jurisdiction situated in Salt Lake County, State of Utah" and that "[Artisan] hereby

---

[14] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *see also* 28 U.S.C. § 1332(a)(1).

[15] ECF No. 11 at 2 of 43, ¶¶ 1-2.

[16] *Id*., ¶¶ 3-4.

[17] *Id*. at 10 of 43, ¶ a.

consents to exclusive jurisdiction and venue for such disputes in Salt Lake County, State of Utah."[18] Importantly, even though Defendants claim that venue is improper, they do not argue that the forum selection provision is unenforceable. Nevertheless, as shown below, the court concludes that said provision is both enforceable and mandatory and, therefore, this court is the proper forum for this action.

"Forum selection provisions are prima facie valid and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances."[19] Additionally, the Tenth Circuit has held

> that when venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory. Where only jurisdiction is specified, we will nonetheless enforce a forum selection clause if there is some additional language indicating the parties' intent to make venue exclusive.[20]

Because Artisan does not contend that the forum selection provision is unenforceable, the court is left to conclude that it is enforceable. Further, because the provision provides that "[a]ll disputes . . . *shall* be resolved" in a particular jurisdiction ("a state or federal court of competent jurisdiction situated in Salt Lake County, State of Utah") and a particular venue ("[Artisan]

---

[18] *Id*. at 30 of 43, § 15.4.

[19] *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (quotations and citations omitted)

[20] *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) (citations and footnote omitted).

hereby consents to exclusive jurisdiction and venue for such disputes in Salt Lake County, State of Utah"),[21] the court concludes that the provision is mandatory.[22] Therefore, contrary to Defendants' argument, this court is the proper forum for this action.[23] Having concluded that subject matter jurisdiction exists and that this court is the proper forum, the court turns next to addressing whether this action should be dismissed or stayed under the *Colorado River* doctrine.

### III. This Action and the Colorado Action Are Not Parallel, and, Even if They Were, Abstention Would Not Be Warranted Under the *Colorado River* Doctrine.

Defendants move to dismiss or stay this action under the *Colorado River* doctrine, which "applies to 'situations involving the contemporaneous exercise of concurrent jurisdictions . . . by

---

[21] ECF No. 11 at 30 of 43, § 15.4 (emphasis added).

[22] *MP Nexlevel, LLC v. Codale Elec. Supply, Inc.*, No. CV 08-273 MCA/CG, 2008 WL 11451332, at *2-3 (D.N.M. Aug. 4, 2008) (considering forum selection provision stating, in relevant part, "that any and all disputes . . . shall be resolved in the state or federal courts situated in Salt Lake County, Utah, and that these courts shall have the exclusive jurisdiction over all such disputes" and concluding that "the clause is mandatory and establishes state or federal courts in Salt Lake County, Utah as the exclusive fora for disputes among parties" (quotations and citation omitted)).

[23] In arguing that venue is improper in this court, Defendants make only a passing reference to Fed. R. Civ. P. 12(b)(3), which should have been the basis for their motion. Instead, Defendants contend that venue is improper because necessary and indispensable parties have not been joined in this action. However, Defendants neither make any reference to Fed. R. Civ. P. 19, which governs required joinder of parties, nor present any arguments on the factors the court must consider for required joinder. *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411-12 (10th Cir. 1996) (providing factors to consider for required joinder under Rule 19). In a somewhat curious turn, Defendants then argue that the indispensable parties cannot be joined in this action because the court does not have subject matter jurisdiction or personal jurisdiction over them. The court will not address the inconsistent nature of those arguments because Defendants do not address them in their reply brief and, consequently, appear to have abandoned them.

state and federal courts.'"[24] "The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on 'considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"[25] However, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," and "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction."[26] Indeed, given

> the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them . . . , and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention.[27]

"Thus, declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in 'exceptional' circumstances."[28]

"The Supreme Court has set forth a number of factors for a court to consider in determining whether 'exceptional circumstances' exist. Before examining these factors, however,

---

[24] *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (quoting *Colo. River*, 424 U.S. at 817) (alteration in original).

[25] *Id.* (quoting *Colo. River*, 424 U.S. at 817) (other quotations and citation omitted) (alteration in original).

[26] *Colo. River*, 424 U.S. at 813, 817 (quotations and citations omitted).

[27] *Id*. at 817-18.

[28] *Fox*, 16 F.3d at 1081 (quoting *Colo. River*, 424 U.S. at 818; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)).

7

a federal court must first determine whether the state and federal proceedings are parallel."[29] "[I]f a federal court determines the state and federal proceedings are parallel, it must then determine whether deference to state court proceedings is appropriate under the particular circumstances."[30]

"'[T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance.' Such discretion, however, 'must be exercised under the relevant standard prescribed by [the Supreme] Court.'"[31] The party seeking abstention bears the burden of establishing that the *Colorado River* doctrine is applicable.[32]

With those standards in mind, the court turns to considering whether Defendants have carried their burden of demonstrating that abstention is appropriate under the *Colorado River* doctrine. As demonstrated below, Defendants have not met that burden because: (A) they have failed to show that this action and the Colorado Action are parallel; and (B) even if they had been able to make that showing, abstention would not be warranted under the *Colorado River* doctrine. The court addresses each issue in turn below.

---

[29] *Id.*

[30] *Id.* at 1082 (emphasis omitted).

[31] *Id.* at 1081 (quoting *Moses H. Cone*, 460 U.S. at 19) (alterations in original).

[32] *Colo. River*, 424 U.S. at 819 (providing that "[o]nly the clearest justifications will warrant" abstention); *BNSF Ry. Co. v. City of Moore, Okla.*, 536 F. Supp. 3d 1225, 1235 (W.D. Okla. 2021) ("Defendant seeks abstention and thus has the burden of establishing that *Colorado River* is applicable here."); *Coats v. J.D.B. of N.M., Inc.*, No. CV 09-541 JCH/WPL, 2010 WL 11500514, at *2 & n.1 (D.N.M. May 26, 2010) (providing that the party seeking abstention has the "burden to demonstrate exceptional circumstances" under the *Colorado River* doctrine).

### A. Defendants Fail to Demonstrate That This Action and the Colorado Action Are Parallel.

Defendants fail to show that this action and the Colorado Action are parallel. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."[33] To determine whether actions are parallel, the court must "examine the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings."[34] That

> approach heeds the Supreme Court's admonition in *Moses H. Cone* that to grant a stay or dismissal under the *Colorado River* doctrine would be "a serious abuse of discretion" unless "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties . . . . [T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."[35]

Stated another way, the court may enter an order staying or dismissing a federal action under *Colorado River* "only if it has full confidence that the parallel state proceeding will" result in a "'complete and prompt resolution of the issues between the parties.'"[36]

Defendants acknowledge that Mr. Malocsay is not a party to the Colorado Action and that Rimrock has asserted a claim against Mr. Malocsay in this action that is not involved in the Colorado Action (i.e., breach of the Guaranty Agreement). Nevertheless, Defendants contend that

---

[33] *Fox*, 16 F.3d at 1081 (quotations and citation omitted)

[34] *Id.* (emphasis omitted).

[35] *Id.* at 1081-82 (quoting *Moses H. Cone*, 460 U.S. at 28) (alterations in original).

[36] *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (quoting *Moses H. Cone*, 460 U.S. at 28).

9

this action and the Colorado action involve substantially the same parties and substantially the same issues and, therefore, that the two actions are parallel. The court disagrees.

Although true that "in the *Colorado River* context, . . . exact identity of parties and issues is not required,"[37] the court must also consider whether the Colorado Action "'will be an adequate vehicle for the complete and prompt resolution of the issue between the parties'" and whether this court "'will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.'"[38] Indeed, in order to dismiss or stay this action, this court must have "full confidence" that both of those inquiries are answered in the affirmative.[39] If not, granting a stay or dismissing this action under the *Colorado River* doctrine "would be 'a serious abuse of discretion.'"[40]

Defendants have not shown that the Colorado Action will resolve all of the issues raised in this action. Defendants make the conclusory claim that Mr. Malocsay's liability under the Guaranty Agreement will be definitively determined in the Colorado Action. Such an argument fails to provide court with the "full confidence" necessary to stay or dismiss this action.[41] While the dispute between Rimrock and Artisan may be resolved in the Colorado Action, there is no assurance that any disputes related to Mr. Malocsay's alleged breach of the Guaranty Agreement will likewise be resolved. To the contrary, there are host of issues that could arise related to the

---

[37] *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002).

[38] *Fox*, 16 F.3d at 1081-82 (quoting *Moses H. Cone*, 460 U.S. at 28).

[39] *Gulfstream Aerospace Corp.*, 485 U.S. at 277.

[40] *Fox*, 16 F.3d at 1081 (quoting *Moses H. Cone*, 460 U.S. at 28).

[41] *Gulfstream Aerospace Corp.*, 485 U.S. at 277.

Guaranty Agreement that will not be determined in the Colorado Action. Thus, the court is not persuaded that it "'will have nothing further to do in resolving any substantive part of the case'" if it grants a stay or dismissal.[42] Therefore, Defendants have failed to demonstrate that this action and the Colorado Action are parallel.

Because Defendants have failed to show that this action and the Colorado Action are parallel, the court need not consider whether abstention is appropriate under the *Colorado River* doctrine.[43] Nevertheless, as shown below, even if Defendants had made such a showing, the court would conclude that abstention under the *Colorado River* doctrine is not warranted.

> **B.** **Even if Defendants Had Shown That This Action and the Colorado Action Were Parallel, Abstention Would Not Be Warranted Under the *Colorado River* Doctrine.**

"In *Colorado River*, the Supreme Court set forth a nonexclusive list of factors for courts to consider in deciding whether 'exceptional circumstances' exist to warrant deference to parallel state proceedings."[44] Those factors are: "(1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction."[45] "The Court discussed several other factors in *Moses H. Cone*," including: (5) "the vexatious or reactive nature of either the federal or the state action"; (6) "whether federal law provides the rule of decision"; and

---

[42] *Fox*, 16 F.3d at 1082 (quoting *Moses H. Cone*, 460 U.S. at 28).

[43] *See, e.g.*, *Chesapeake Operating, L.L.C. v. C.C. Forbes, LLC*, No. 5:20-CV-557-R, 2020 WL 6827798, at *2-4 (W.D. Okla. Nov. 20, 2020) (concluding that state and federal actions were not parallel and, therefore, that analyzing the *Colorado River* factors was not required).

[44] *Fox*, 16 F.3d at 1082.

[45] *Id.* (citing *Colo. River*, 424 U.S. at 818).

(7) "the adequacy of the state court action to protect the federal plaintiff's rights."[46] Finally, the Tenth Circuit has stated that courts should consider (8) "whether the party opposing abstention has engaged in impermissible forum-shopping."[47]

When considering those factors,

> [n]o single factor is dispositive; "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." Rather than use the factors as a "mechanical checklist," a court should engage in "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."[48]

"Indeed, since '[o]nly the clearest of justifications will warrant dismissal,' any doubt should be resolved in favor of exercising federal jurisdiction . . . ."[49]

The court turns to considering each of those factors. As shown below, even if Defendants had been able to show that this action and the Colorado Action were parallel, abstention would not be warranted under the *Colorado River* doctrine.

First, Defendants do not contend that either this court or the court presiding over the Colorado Action has assumed jurisdiction over any property. Accordingly, the first factor is inapplicable. Second, the court is unpersuaded by Defendants' argument that this court is an inconvenient forum in which to litigate because they agreed to litigate in this court through the

---

[46] *Id.* (citing *Moses H. Cone,* 460 U.S. at 18 n.20, 23, 28).

[47] *Id.*

[48] *Id.* (quoting *Moses H. Cone,* 460 U.S. at 16) (final alteration in original).

[49] *Id.* (quoting *Colo. River,* 424 U.S. at 819) (first alteration in original).

enforceable, mandatory forum selection provision in the Master Agreement.[50] Thus, the second factor weighs against abstention.

Third, the court considers the desirability of avoiding piecemeal litigation, which is the most important consideration among the *Colorado River* factors.[51] Although there may be some duplication in litigation if this action is not stayed or dismissed, the court reiterates that there are numerous possible issues related Rimrock's claim for Mr. Molacsay's alleged breach of the Guaranty Agreement that will likely not be resolved in the Colorado Action. Furthermore, the court is mindful that it must engage in a careful consideration of all the factors and that "[n]o single factor is dispositive; '[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.'"[52] On balance, this factor weighs slightly in favor of abstention.

Fourth, the court presiding over the Colorado Action obtained jurisdiction prior to this court, but by only approximately five months. The Colorado Action is still in its early stages, which means that this factor does not militate in favor of abstention. Fifth, Defendants do not persuasively argue that Rimrock's filing of this action was vexatious or reactive in nature, which

---

[50] *Zions First Nat. Bank v. Allen*, 688 F. Supp. 1495, 1500 (D. Utah 1988) ("[T]he defendants are seeking to have this court stay an action in the forum in which they agreed to litigate. When a party seeks to avoid litigating in the forum selected by the parties[,] that party bears a tremendous burden."); *see also Chesapeake Operating, L.L.C.*, 2020 WL 6827798, at *4-5 (concluding that abstention was not warranted under the *Colorado River* doctrine because, in part, there was an enforceable, mandatory forum selection provision in the parties' agreement).

[51] *D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir. 2013) ("The 'paramount' consideration in *Colorado River* was the third factor: 'the danger of piecemeal litigation.'" (quoting *Moses H. Cone*, 460 U.S. at 19)).

[52] *Fox*, 16 F.3d at 1082 (quoting *Moses H. Cone*, 460 U.S. at 16) (final alteration in original).

weighs against abstention.[53] Sixth, the parties agree that Colorado law, rather than federal law, governs the substance of the parties' dispute. However, Defendants do not argue that this court is unable to adequately apply Colorado law in this action. The court considers this factor neutral. Seventh, the court is unpersuaded that the Colorado Action is adequate to protect Rimrock's rights given that it has a claim in this action for Mr. Malocsay's alleged breach of the Guaranty Agreement, and that claim is not involved in the Colorado Action. Thus, this factor weighs against abstention. Finally, there is no evidence that Rimrock has engaged in impermissible forum shopping. To the contrary, Rimrock selected the forum that was specifically contemplated by the enforceable, mandatory forum selection provision in the Master Agreement. Accordingly, this factor weighs against abstention.

Based upon the foregoing consideration of the relevant factors, the court concludes that, even if Defendants had demonstrated that this action and the Colorado action were parallel, abstention under the *Colorado River* doctrine would not be warranted. In reaching that conclusion, the court is mindful that the balance of the factors is "'heavily weighted in favor of

---

[53] Although Defendants do not explicitly argue that Rimrock filed this action in a vexatious or reactive nature, they argue for the first time in their reply that Rimrock violated the Colorado Rules of Civil Procedure by failing to bring compulsory counterclaims against Artisan in the Colorado Action. Because Defendants raised that argument for the first time in their reply, the court need not consider it. *See, e.g.*, *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) ("[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." (alteration in original) (quotations and citation omitted)); *Hornady Mfg. Co. v. DoubleTap Ammunition, Inc.*, No. 2:11-CV-18 TS, 2013 WL 1622099, at *1 (D. Utah Apr. 15, 2013) ("The Court will decline to consider arguments raised for the first time in a reply memorandum."). However, even if the court were to consider that argument, it would fail because Defendants make no effort to indicate how Rimrock's alleged failure to assert compulsory counterclaims under the Colorado Rules of Civil Procedure has any bearing on this court's analysis of the *Colorado River* doctrine. Further, it appears that any such arguments would need to be raised in the Colorado Action, not in this action.

the exercise of jurisdiction'" and that "any doubt should be resolved in favor of exercising federal jurisdiction."[54]

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1. Defendants' motion to dismiss or, in the alternative, to stay[55] is DENIED.

2. To move this case forward, the parties shall comply with Paragraph 2 of the court's Order to Propose Schedule[56] within fourteen days of the date of this Memorandum Decision and Order.

IT IS SO ORDERED.

DATED this 6th day of May 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[54] *Fox*, 16 F.3d at 1082 (quoting *Moses H. Cone*, 460 U.S. at 16).

[55] ECF No. 22.

[56] ECF No. 4.